UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 4 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| SBC TECHNOLOGY RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | HONORABLE David C. Godbey |
| ) ORIGINAL | |
| vs. ) | CIVIL ACTION NO. 303-CV-418-N |
| ) | |
| INRANGE TECHNOLOGIES CORP., ) | |
| ECLIPSYS CORP.; and ) | |
| RESOURCE BANCSHARES ) | |
| MORTGAGE GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**INRANGE'S MEMORANDUM IN OPPOSITION TO SBC'S MOTION TO EXCLUDE
AND FOR SUMMARY JUDGMENT OF VALIDITY**

## INTRODUCTION

Reading through the vitriol[1], SBC's motion to exclude and for summary judgment assumes the position that if opinions were not disclosed and expressed by experts on issues for which the party has the burden of proof by the agreed deadline (January 11, 2005), then no supplementation is allowed. Inrange must therefore be precluded, SBC argues, from ever proposing expert testimony on the issue where it bears the burden -- invalidity of the '845 patent -- regardless of later discovery, developments, rulings, or circumstances. On that basis, SBC then asks the Court to enter a summary judgment because, without expert testimony, Inrange's invalidity defenses (under Sections 102, 103 and 112) cannot be sustained as a matter

---

[1] At nearly every turn in this litigation, current counsel for SBC has taken motion practice as an opportunity to castigate Inrange and attribute false motives and intentions regarding the issues being presented. SBC's recent motion is yet another example of this attitude. Inrange obviously disagrees with these perfunctory character attacks from SBC, but will focus instead on the issues, not the name-calling.

of law.[2] Inrange did not disclose expert opinions on the issues of invalidity for anticipation or obviousness on January 11, for the reasons stated in undersigned counsel's letter that date. SBC App. at 75. If the Court intends to accept SBC's premise and preclude Inrange from offering additional expert opinions past January 11, 2005, regardless of later claim construction rulings or discovery developments, then such a ruling on exclusion of any future opinions from experts must be mutual. As to SBC's further summary judgment motion, it should be denied at this time, however, because Inrange seeks limited additional time, consistent with F.R.C.P. 56(f), to supplement its discovery responses and make any expert disclosures on invalidity under Section 112. Once the remaining two inventor depositions have been concluded, Inrange seeks ten days to address SBC's summary judgment motion on Section 112 grounds.

## FACTUAL BACKGROUND[3]

This action commenced in 2003, and service was completed upon Inrange in April, 2003. Inrange App. at 1. Once the pleadings were completed, defendants brought a motion to stay discovery in favor of an early claim construction proceeding. After several months under advisement, the Court in an April 22, 2004 Order, determined that a Markman claim construction process should go forward and gave the parties 180 days to complete it. At the same time, the Court refused to stay fact discovery. The briefing was completed on the claim construction process in mid-November, 2004. Although requested,[4] no hearing has been scheduled following

---

[2] SBC also moves for summary judgment on the defense of laches, and for reasons set forth herein, Inrange opposes a summary judgment on the affirmative defense of laches.

[3] Pursuant to Local Rule 56.4(b), the legal and factual grounds on which Inrange relies in opposition to summary judgment are set forth in this Memorandum or, with citation to the accompanying Appendix.

[4] See Inrange Technologies Corporation's Claim Construction Brief, at 36.

that Markman briefing process and there has been no claim construction on Claims 1 and 34 of the '845 patent.

Both during and after the claim construction briefing, the parties have continued to conduct fact discovery. Indeed, as contemplated by the Court's original Scheduling Order, the parties agreed to various extensions and adjustments of the pre-trial schedule, as set forth in a chart submitted with SBC's December 14, 2004 Motion for Leave to Amend and for Continuance. (See Inrange App. at 3.) That agreed schedule moved the date for initial expert disclosure by the party with the burden of proof to January 7th (later changed by counsel to January 11th). The agreed deadlines for completing all fact discovery and filing all motions likewise moved to February 28, 2005. Id.

In connection with ongoing fact discovery, Inrange had sought since November, 2004 to obtain dates for the depositions of SBC's three named inventors, David Hiatt, Larry Jost, and Tim Klos. (See Inrange App. at 4-12.) It took SBC six weeks to confirm dates on which one or more of these inventors could be deposed (all three live in the St. Louis, Missouri area and are being represented by SBC's counsel in this case). SBC finally provided dates for two inventors on January 19-20, 2005. (Inrange App. at 17, 29). A third inventor, Mr. Hiatt, was not offered by SBC for deposition until February 11th, and he was deposed on February 14, 2005. (Inrange App. 12.) Thus, SBC did not produce any of its inventors for deposition before the January 11th date for disclosure of "burden" experts.

When Inrange's counsel wrote its January 11, 2005 letter, indicating that Inrange was seeking to reserve the right to submit Rule 26(a)(2) disclosures for invalidity experts, it pointed out both the Court had not yet issued a claim construction; and (2) Inrange had not, at that time, been allowed to conduct or complete the inventor depositions. (See SBC App. at 75.)

3

The parties have otherwise completed the disclosure of the following expert opinions: SBC has served the expert reports of Andrew Hospodor (technical and infringement) and Irving Rappaport (financial and damages). Inrange has served its responsive expert reports of Robert Young (technical and non-infringement) and Catharine Lawton (financial and damages).

Unless the Court issues some unanticipated claim construction that would render the claims vulnerable to a validity challenge on anticipation or obviousness grounds, Inrange will not seek further leave to submit any further expert disclosures on the invalidity grounds of anticipation (Sec. 102) or obviousness (Sec. 103). However, as to its expert opinions regarding Section 112 invalidity defenses (e.g. best mode), Inrange is prepared to submit any such expert disclosures within ten days of completing the unfinished inventor depositions (Klos and Jost).

There is no evidence that SBC ever notified Inrange about the '845 patent before filing this lawsuit. SBC's '845 patent issued in 1996, and during 1999-2001, SBC gave notice of that patent to numerous companies involved in the data storage industry -- including Inrange partners IBM (Inrange App. at 44-48; 99-100) and Hitachi (Inrange App. 49-54; 108) -- offering them a license. (Inrange App. at 29-58; 69-113.) The FC-9000 was first sold in April 2000. (Inrange App. at 16.) SBC served its Complaint three years later. Inrange App. at 1. SBC seeks damages that include all pre-suit sales of the FC-9000 (April 2000 – February 2003). (Inrange App. 16.)

## ARGUMENT

### I. SBC's Arguments for Excluding Expert Opinion Testimony from Inrange Are Overreaching.

SBC claims that, because Inrange would not agree to SBC's prior request to extend the expert deadlines as part of a request to amend the Complaint and because Inrange never sought SBC's prior agreement for a specific extension for Inrange's opening expert invalidity

disclosures, it would be unfair for the Court to now allow Inrange to put in any expert disclosures on invalidity after January 11. SBC's arguments are misplaced.

First, in complaining that Inrange would not agree to SBC's own previous request to extend expert deadlines, SBC conveniently forgets that its request was conditioned upon the agreement of Inrange to allow a new and different product (the UMD) to be introduced into the case, when the existing FC-9000 product had been accused of infringement for the past 22 months, without any sufficient explanatory detail. That Inrange opposes SBC's requested amendment of the pleadings is unrelated to whether it was proper for Inrange to seek to reserve the right to present later invalidity opinions, depending on further discovery and pending orders.

Second, SBC's own obligation to disclose its infringement contentions is not dependent upon when or whether Inrange makes its own invalidity contentions. SBC has now done so relying on Mr. Hospodor, and yet SBC's own expert purports to take the same position that SBC chastises Inrange for: making his expert disclosures contingent upon both a further claim construction ruling and further proceedings.[5]

Inrange was not flouting the Court's Scheduling Order by attempting to reserve the right to submit future expert invalidity contentions if the Court should rule on claim construction in an unexpected manner that turns out to be inconsistent with the validity of the patent. The correct claim construction is the one that preserves the validity of the claims. See e.g. Harris Corp. v. IXYS Corp., 114 F.3d 1149, 1153 (Fed. Cir. 1997) (claims should not be construed to ensnare prior art).

---

[5]  On the opening page of Mr. Hospodor's January 11th Report, he presumes a right to offer later opinions: "In forming this opinion, I was asked to use SBC's construction of the meaning of the terms found in claims 1 and 34. I reserve the right to amend my opinion if this construction is found to be incorrect." ... "I reserve the right to supplement my opinions if additional information is provided by CNT/Inrange." See Expert Report on Infringement, Andrew Hospodor, Jan. 11, 2005, at p. 1 (emphasis added) (Inrange App. at 13-14.)

Therefore, Inrange is not attempting to withhold any discovery or manipulate the discovery process. As of the agreed January 11, 2005 disclosure date, Inrange did not present expert disclosures on anticipation (Sec. 102) or obviousness (Sec. 103). However, if the Court adopts a later unanticipated claim construction prior to trial that creates an invalid claim for the '845 patent, Inrange should be allowed to respond at that time, move the Court, and make a showing as to why the as-construed claims are rendered invalid.

## II. Completing the Inventor Depositions Will Resolve the Other Potential Invalidity Grounds Inrange has Presented.

There are several requirements for patentability set forth in 35 U.S.C. § 112, including the requirements of: an adequate written description, enablement, definiteness, and disclosing the best mode. 35 U.S.C. § 112, 1st Par.

Prior counsel for Inrange pleaded Section 112 grounds for invalidity at the outset of the case,[6] and Inrange has pursued them through document requests, interrogatories and, most recently, efforts to depose SBC's named inventors. Inrange must now move to compel to complete depositions and obtain withheld discovery (source code for the sole embodiment of the invention) from SBC on this issue.

As will be set forth in more detail in Inrange's separate motion to compel, Mr. Jost (January 20th) and Mr. Klos (January 21st) were each deposed for one day – but less than seven hours --regarding their respective roles in the invention and the reduction to practice of the '845 patent. (Inrange App. at 17, 25-28; 58, 66-68). These inventors' testimony relates to development activity over four years at SBC Labs (1991-1995) and to their involvement in the prosecution of the '845 patent, which did not issue until 1996. Inrange has repeatedly requested, but been rebuffed by SBC, a second session, limited to one half day each, with these inventors.

---

[6] See Answer and Affirmative Defenses, dated May 5, 2003, at ¶ 15.

Id.; Inrange App. at 12. SBC's position has necessitated that Inrange now bring a motion to compel. Also, because SBC still has not produced the inventors' source code (which both Mr. Klos and Mr. Jost admitted is in SBC's possession)[7], Inrange has not been able to discover fully what modes of practicing the invention were known or employed, and compare them to what was disclosed, by these inventors at the time they were applying for the '845 patent.

Inrange should have the right to complete the examination of these inventors and determine whether they complied with Section 112 in their application leading to the asserted '845 patent. As stated in Inrange's January 11, 2005 letter -- before any inventor depositions had occurred -- Inrange is only seeking a reasonable opportunity, after completion of the inventor depositions, to put forth an expert's opinion, addressing the potential invalidity of the '845 patent under 35 U.S.C. Section 112. If after that opportunity Inrange does not offer such expert testimony, then it will forego Section 112 defenses and consent to summary judgment on Section 112 invalidity.

### III. SBC Proposes a Standard Under Which No Expert Opinions Can Be Amended Or Supplemented

The whole basis for SBC's current motion is that if a party did not disclose by January 11th each of its expert's opinions and the bases therefore (on burden issues), then no additional experts (or opinions or supplemental disclosures by existing experts) should be allowed. If SBC wishes the Court to enforce that standard, the consequences must be mutual. In this case, SBC's only expert disclosure on infringement was by Andrew Hospodor, SBC's retained technical expert.[8] Under SBC's basis for the current motion to strike, their own experts should likewise be

---

[7] See Jost Depo at 194 (Inrange App. at 23-24); Klos Depo at 33-34 (Inrange App. at 58-64).

[8] Among other limitations, Mr. Hospodor offered no analysis, or opinions, on infringement of claims 2-33 or 35-48 of the '845 patent; he expressed no alternative opinion regarding

limited to the exact opinions expressed as of January 11th (or 13th), 2005, and they should not be allowed to make any additional, supplemental, or alternative opinions. SBC accused Inrange, in inflammatory style, of attempting to "game" the discovery system and obtain an advantage – but if SBC's motion is to be granted, the side door SBC itself attempts to reserve should likewise be shut.

### IV. Summary Judgment On Laches Should Be Denied To SBC.

Laches is an equitable defense to deny pre-suit damages to a patent holder who delays, with knowledge of the accused infringement, and does nothing to enforce its patent against an accused infringer, resulting in prejudice to the defendant. See A.C. Auckerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc). The reasonableness of the delay and the prejudice to the defendant are issues of fact that depend upon the particular circumstances of the case; the focus is on reasonableness. Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp., 60 F.3d 770, 773 (Fed. Cir. 1995). The prejudice to the defendant can be economic or evidentiary. Id. at 774. Laches is not an issue upon which expert testimony is required.

Here, where the test is one of "reasonableness," SBC seeks summary judgment, but it has presented no evidence, let alone undisputed evidence on this issue. SBC relies on a "six-year" presumption, but that evidentiary burden shifting does not foreclose the defense just because SBC's delay was three years, not six.

The facts developed by discovery in this case show that Inrange was served with SBC's Complaint in April 2003 (more than six years after the '845 patent issued) Inrange App. at 1. The accused FC-9000 product was first sold in April, 2000, exactly three years earlier. SBC has cited no decisions that hold, as a matter of law, that no matter the circumstances, a three-year

---

infringement under the doctrine of equivalents; and he adopted and assumes only SBC's proposed construction of each claim element in his infringement analysis.

8

delay is too short for laches. At least one court has granted summary judgment <u>against</u> a patent holder, denying pre-suit damages based on a four-year delay. <u>See</u> <u>Stryker Corp. v. Zimmer, Inc.</u>, 741 F.Supp. 509 (D.N.J. 1990). SBC provides no factual support for when or how it first learned of the FC-9000. However, the discovery record does show that, between 1999 and 2001, SBC was investigating the storage market and contacting numerous companies in the storage industry, giving notice of the '845 patent and offering a license. Inrange App. at 29-57; 69-113. Two of these companies, IBM and Hitachi, were at that time reselling Inrange's FC-9000 when SBC contacted them, but SBC never mentioned the FC-9000. (Inrange App. at 44-54; 99-100; 108.) Thus, there are disputed issues of fact as to SBC's "unreasonable delay." Having never been afforded the pre-suit opportunity to consider a license – or design around – while it launched the FC-9000 product five years ago, the , prejudice to Inrange is both evidentiary and economic. On the record presented, Inrange should be allowed to present to a finder of fact its defense to pre-suit damages. There are unresolved, disputed issues of fact, on the laches issue. Because SBC's conduct must be judged under a "reasonableness" standard, Inrange's laches defense should not be dismissed given SBC's failure to meet its Rule 56 obligations on this defense.

## CONCLUSION

As of January 11, 2005, the '845 patent had not been construed by the Court and plaintiffs had refused to produce their inventors for deposition testimony. If, under these circumstances, the Court is going to adopt SBC's "too late" position with regard to Inrange making any later expert opinions on validity, then the Court risks the substantive prejudice of preventing Inrange from showing how the '845 patent would be invalid, in the event of an unanticipated claim construction and/or additional fact discovery. The Court should defer ruling on SBC's summary judgment motion on invalidity grounds and further permit a reasonable opportunity for Inrange to submit expert opinions (for Section 112 defenses) within a reasonable

time (10 days) after the inventor depositions are completed. Given the facts which support a finding of unreasonable delay and prejudice, SBC's motion for summary judgment on Inrange's laches defense to pre-suit damages should be denied.

Respectfully submitted,

**INRANGE TECHNOLOGIES CORP.**

Dated: February 24, 2005

By: /s/ Kevin Conneely /by J. Benjamin King
Kevin D. Conneely (MN Bar No. 192703)
Douglas B. Greenswag (MN Bar No. 150186)
David D. Axtell (MN Bar No. 314596)
Admitted Pro Hac Vice

LEONARD, STREET & DEINARD
Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Tel:    (612) 335-1500
Fax:   (612) 335-1657

AND

| | |
|---|---|
| William T. Reid, IV | Benjamin King |
| DIAMOND, MCCARTHY, | DIAMOND, MCCARTHY, |
|   TAYLOR, FINLEY, BRYANT |   TAYLOR, FINLEY, BRYANT |
|   & LEE, LLP |   & LEE, LLP |
| 6504 Bridge Point Parkway | Renaissance Tower |
| Suite 400 | 1201 Elm Street, 34th Floor |
| Austin, TX 78730 | Dallas, TX 75270 |
| Tel:   (512) 617-5205 | Tel: (214) 389-5300 |
| Fax:  (512) 617-5299 | Fax: (214) 389-5399 |

*Attorneys for InRange Technologies Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of:

1. Inrange's Memorandum in Opposition to SBC's Motion to Exclude and for Summary Judgment of Validity;

2. Appendix to Inrange's Memorandum in Opposition to SBC's Motion to Exclude and for Summary Judgment of Validity

to be served on February 24, 2005, via United States Mail, on the following attorneys:

Frank Angileri, Esq.
Brooks Kushman
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075

Joe Kendall, Esq.
Provost Umphrey Law Firm, LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204

Kevin D. Conneely

2590060v1