ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SBC TECHNOLOGY RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | HONORABLE David C. Godbey |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:03-CV-418-N |
| ) | |
| INRANGE TECHNOLOGIES CORP., ) | |
| ECLIPSYS CORP., and ) | |
| RESOURCE BANCSHARES ) | |
| MORTGAGE GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**
MAR 14
CLERK, U.S. DISTRICT COURT
By _____ Deputy

# REPLY IN SUPPORT OF SBC'S MOTION TO
## (1) EXCLUDE EXPERT TESTIMONY AND
## (2) GRANT SUMMARY JUDGMENT ON
## INRANGE'S INVALIDITY AND LACHES DEFENSES



Brooks Kushman P.C.
1000 Town Center, 22nd Fl
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## I. **INTRODUCTION**

This is a Motion for Summary Judgment by plaintiff SBC Technology Resources, Inc. ("SBC") on all of the defenses (other than non-infringement) that defendant Inrange Technologies Corp. ("Inrange") has pled in this case: invalidity under 35 U.S.C. § 102/103 (prior art), invalidity under 35 U.S.C. § 112, and laches. (App. to Opening Brief, pp. 3-4.) Inrange bears the burden of proof on each of these affirmative defenses.[1] Yet, **Inrange has presented no evidence of any kind in its response.**

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
>
> *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Accordingly, this Court should grant SBC's Motion for Summary Judgment.

---

[1] *Schumer v. Laboratory Computer Sys., Inc.*, 308 F.3d 1304, 1316 (Fed. Cir. 2002); *NTP, Inc. v. Research In Motion, Ltd.*, 392 F.3d 1336 (Fed. Cir. 2004); *Johns Hopkins University v. Cellpro, Inc.*, 152 F.3d 1342, 1359-60 (Fed. Cir. 1998); *Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1463-64 (Fed. Cir. 1998).


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## II. REPLY

The time has passed for Inrange to produce <u>evidence</u> sufficient to make a *prima facie* case for its defenses. Inrange has not presented a single piece of evidence — no documents, no affidavits, nothing. Inrange has not made a *prime facie* case. This Court should grant summary judgment in SBC's favor on all of Inrange's defenses.

### A. This Court Should Grant Summary Judgment For SBC On Inrange's Prior Art Invalidity Defense Under 35 U.S.C. §§ 102 And 103

Inrange presents <u>no evidence</u> to support its defenses under § 102 (anticipation) or § 103 (obviousness). Indeed, Inrange does not even present an argument for invalidity under §§ 102 and 103. Inrange says only: "if the Court adopts a later unanticipated claim construction prior to trial that creates an invalid claim for the '845 patent, Inrange should be allowed to respond at that time, move the Court, and make a showing as to why the as-construed claims are rendered invalid." (Inrange Brief, p.6.)

Inrange obviously has no case of invalidity under §§ 102/103. Rule 56 and the Supreme Court require <u>evidence</u> to avoid summary judgment. *Celotex*, 477 U.S. at 322-323. "I might be able to make a case in the future" is <u>not</u> sufficient. *Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1353 (Fed. Cir. 2001).

Summary judgment of no invalidity under 35 U.S.C. §§ 102 and 103 should be granted. *Schumer*, 308 F.3d at 1316; *Biotec*, 249 F.3d at 1353-55.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

**B. This Court Should Grant Summary Judgment For SBC Of No Invalidity Under 35 U.S.C. § 112**

Likewise for its "defense" under 35 U.S.C. § 112, Inrange presents <u>no evidence of any kind</u>. Again, Inrange does not even articulate a defense. The <u>only</u> information concerning Inrange's § 112 "defense" is a list of the possibilities under 35 U.S.C. § 112, *i.e.*: "There are several requirements for patentability set forth in 35 U.S.C. § 112, including the requirements of: an adequate written description, enablement, definiteness, and disclosing the best mode." (Inrange Brief, p. 6.)

Inrange's sole argument against summary judgment on its § 112 defense is a conclusory, one sentence assertion that it needs more discovery: "Inrange should have the right to complete the examination of [the '845] inventors and <u>determine whether</u> they complied with Section 112 in their application leading to the asserted '845 patent." (Inrange Brief, p. 7, emphasis added.) Inrange continues: "Inrange is only seeking a reasonable opportunity, after completion of the inventor depositions, to put in an expert's opinion, addressing the <u>potential</u> invalidity of the '845 patent under 35 U.S.C. Section 112." (*Id.*, emphasis added.)

This conclusory request for additional testimony to "determine whether" Inrange has a "potential" invalidity defense is not sufficient grounds for avoiding summary judgment.

> To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact. *International*



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

*Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1266-67 (5th Cir.1991), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1286 (5th Cir.1990). The nonmoving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Spence & Green Chemical Co.,* 612 F.2d at 901.

*Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993).

To prove its request is more than a "fishing expedition", Inrange had an obligation to file a motion under Rule 56(f), and to identify (1) the specific fact issues it expects the discovery to effect, and (2) the specific discovery that it expects to obtain from the '845 inventors. *Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017, 1030 (5th Cir. 1983), citing *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253 (1968); *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.,* 40 F.3d 1474, 1487 (5th Cir. 1995) (request for additional discovery supported only by conclusory declaration is "a fishing expedition"); *Robbins v. Amoco Production Co.,* 952 F.2d 901, 907 ("5th Cir. 1992) ("vague assertion that additional discovery is needed" is insufficient). The unsupported attorney argument in Inrange's brief fails on both points.[2] Inrange has done nothing.

Inrange bears the burden of proof by clear and convincing evidence on its § 112 defense, *Johns Hopkins,* 152 F.3d at 1359-60, and offers no evidence to support it. This Court should grant summary judgment in favor of SBC on Inrange's invalidity defense under 35 U.S.C. § 112.

---

[2] It bears note that Inrange never mentioned to SBC that it needed inventor depositions before its expert reports — until it unilaterally decided not to file its reports on the agreed January 11, 2005 due date.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

### C. This Court Should Grant Summary Judgment For SBC On Inrange's Laches Defense

To make a laches defense, <u>Inrange</u> must prove: (1) unreasonable and inexcusable delay by SBC from the time SBC learned of Inrange's infringement (no earlier than 2000) to the time it filed suit (February 2003); and (2) that Inrange suffered prejudice as a result. *Wanlass*, 145 F.3d at 1463-64. Once again, Inrange offers <u>no evidence of any kind</u> to support its laches defense.

Inrange offers no evidence of when SBC learned of Inrange's infringement. In discovery, SBC has learned that Inrange began selling the accused FC/9000 in 2000. Even if Inrange could show that SBC knew of Inrange's infringement immediately, SBC's time to filing would be less than three years. Inrange cites no case in which laches was found based on merely a 3-year time to filing.

Regardless, that is inference and speculation. Inrange must come forward with <u>evidence</u>. *Celotex*, 477 U.S. at 322-23. Inrange has not come forward with a shred of evidence to support its laches defense. Speculation and argument are insufficient. *Biotec*, 249 F.3d at 1353.

This Court should grant summary judgment in favor of SBC on Inrange's laches defense.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

D. **Inrange's Complete Failure To Come Forward With Evidence To Support Its Invalidity Defenses Should Moot The Expert Report Issue; Regardless, Inrange Has No Right To Submit Any Expert Report Or Testimony**

Because Inrange has completely failed to offer any evidence to meet its summary judgment burden, the fact that it submitted no expert report on the deadline (January 11) is moot. Regardless, Inrange's attempt to justify its actions fails, and its attempt to suggest that SBC is in the same shoes as Inrange has no merit. Even if Inrange could survive summary judgment, it should not be allowed any expert testimony on its issues where Inrange bears the burden of proof (*e.g.* invalidity and laches).

Turning first to Inrange's attempt to justify its actions, Inrange attempts to portray SBC's position as unduly harsh by recasting it. Inrange states: "The whole basis for SBC's current motion is that if a party did not disclose by January 11th, each of its expert's opinions and the bases therefor (on burden issues), then no additional experts (or opinions or supplemental disclosures by existing experts) should be allowed." (Inrange Brief p. 7.)

Inrange's mischaracterization ignores the fundamental basis for SBC's Motion to Exclude Expert Testimony. SBC is not arguing for a position that any expert opinion or basis not disclosed on January 11th can never be supplemented. SBC <u>is</u> arguing that when one party (Inrange) (1) unilaterally refuses to provide <u>any</u> expert disclosure on the <u>agreed</u> date, (2) fails to file any motion with the court requesting leave or permission not to provide expert disclosures, and (3) indeed opposes a motion (by SBC) for a <u>mutual</u> extension of the expert deadline, that non-disclosing party (Inrange) has no right to submit expert testimony on the issues. *Chilcutt v. U.S.*, 4 F.3d 1313, 1316-19, 1324 (5th Cir. 1993); *Metro Ford Truck Sales Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

Inrange's double-standard view of disclosure is revealed in its own opposition when it states: "SBC's own obligation to disclose its infringement contentions is not dependent upon when or whether Inrange makes its own validity contentions." In Inrange's view, SBC has an "obligation to disclose its infringement contentions", but Inrange has no such obligation to disclose its invalidity contentions.

Inrange's position that a "no supplement" rule must apply to SBC is baseless. As the Fifth Circuit has made clear, ignoring an expert disclosure deadline, followed by later submission of a report, is not "supplementation":

> The purpose of . . . supplementary disclosures is just that — to . . . supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.
>
> *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); *Metro Ford* 145 F.3d at 324.

SBC complied with the <u>agreed</u> deadline for expert disclosures on burden issues. SBC is entitled to supplement in accordance with the Federal Rules.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## III. CONCLUSION

Inrange has not provided <u>any</u> evidence, let alone the required *prima facie* case, of invalidity or laches. This Court should grant summary judgment in SBC's favor on all of Inrange's defenses (except non-infringement).

Respectfully submitted,

By: /s/ John S. Le Roy
Ernie L. Brooks
Thomas A. Lewry
Frank A. Angileri
John S. Le Roy
Mark D. Chuey
Brooks Kushman P.C.
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400; Fax: (248) 358-3351

Hon. Joe Kendall
Provost Umphrey, L.L.P.
Attorney-in-Charge
Texas State Bar No. 11260700
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Tel: (214) 744-3000; Fax: (214) 744-3015

*Attorneys for Plaintiff SBC Technology Resources*

Dated: **March 14, 2005**



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF SERVICE

I certify that I served:

**REPLY IN SUPPORT OF SBC'S MOTION TO
(1) EXCLUDE EXPERT TESTIMONY AND
(2) GRANT SUMMARY JUDGMENT ON
INRANGE'S INVALIDITY AND LACHES DEFENSES**

on <u>March 14, 2005</u> by:

\_\_\_ delivering (via facsimile)

✓ mailing (via First-Class mail)

a copy to:

Kevin D. Conneely
LEONARD STREET & DIENARD
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Fax: (612) 335-1657

William T. Reid, IV
DIAMOND, MCCARTHY, TAYLOR,
    FINLEY, BRYANT & LEE, LLP
6504 Bridge Point Parkway
Suite 400
Austin, TX 78730
Fax: (512) 617-5299

Benjamin King
DIAMOND, MCCARTHY, TAYLOR,
    FINLEY, BRYANT & LEE, LLP
Renaissance Tower
1201 Elm Street, 34th Floor
Dallas, TX 75270
Fax: (214) 389-5399

*Attorneys for InRange Technologies*





Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com